**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**LEONARD MCCLOUD**                                                   **PLAINTIFF**

**vs.**                                          **CAUSE NO. 3:16-cv-991-CWR-FKB**

**MICHAEL HUSZAR, NORTHSHORE
CONCRETE PRODUCTS, LLC AND
JOHN DOES 1-5**                                                 **DEFENDANTS**

**REPORT AND RECOMMENDATION**

Before the undersigned for Report and Recommendation is the Motion to Enforce Settlement Agreement [58] filed by Defendants, Northshore Concrete Products, LLC and Michael Huszar. For the reasons that follow, the undersigned recommends that the motion be granted and the Court enter an order enforcing settlement.

On May 19, 2017, this Court held a Settlement Conference. At the Conference, Plaintiff Leonard McCloud agreed to settle his claims against Defendants for a confidential amount. Plaintiff fully assented to the settlement and signed a Settlement Agreement at the Conference. The Settlement Agreement required Plaintiff to "sign a full, final, and complete release of all claims against Defendants".

On May 22, 2017, this Court entered an Order of Dismissal, dismissing Plaintiff's claims against Defendants and allowing the parties to reopen the case to enforce the settlement. Defendants then issued a check to Plaintiff and his counsel for the amount of the agreed-to settlement, along with the full Release. The settlement check was negotiated and the funds distributed, but a signed Release was not returned to Defendants.

On June 21, 2018, Defendants filed this Motion to Enforce Settlement [58]. The Court held a hearing on the motion on August 14, 2018. Plaintiff did not appear at the hearing.

On August 17, 2018, this Court entered a Show Cause Order [59] directing Plaintiff to show cause, in writing, no later than September 14, 2018 as to why he did not appear at the August 14, 2018 hearing. The Order set another hearing on Defendants' Motion for September 19, 2018. Plaintiff was ordered to personally appear at the hearing.

On September 19, 2018, the Court held a second hearing on Defendants' Motion to Enforce Settlement. Plaintiff failed to appear for the hearing, and did not respond in writing to the Show Cause Order.

This undersigned finds that at the Settlement Conference held on May 19, 2017, Plaintiff agreed to fully and finally settle all of his claims against Defendants, and to execute a full Release indicating such. Plaintiff agreed to all of the settlement terms, and an Order of Dismissal was subsequently entered. Plaintiff has breached the Settlement Agreement by failing to return an executed full Release to Defendants after accepting the settlement funds from Defendants.

This undersigned finds that the settlement is binding on Plaintiff, and precludes any further action by Plaintiff against Defendants or their insurance carrier, as well as any future derivative claims against Defendants and/or their insurance carrier.

Accordingly, the undersigned recommends that Defendants' Motion to Enforce Settlement [57] be granted, that the Court enter an order enforcing settlement, and that his case be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this 24th day of September, 2018.

                                                /s F. Keith Ball  
                                             UNITED STATE MAGISTRATE JUDGE